Scott Valley Development Company v. Commissioner.
Scott Valley Dev. Co. v. Commissioner
Docket No. 112787.
United States Tax Court
1943 Tax Ct. Memo LEXIS 204; 2 T.C.M. (CCH) 435; T.C.M. (RIA) 43335; July 8, 1943
*204 A. W. Helvern, Esq., 300 Montgomery St., San Francisco, Calif., for the petitioner. Thomas M. Mather, Esq., for the respondent. SMITH Memorandum Findings of Fact and Opinion SMITH, Judge: The respondent determined deficiencies in income tax and declared value excess profits tax for the fiscal years ended October 31, 1938, October 31, 1939, and October 31, 1940, as follows: DEFICIENCY
Declared
Fiscal
value excess
year ended
Income tax
profits tax
10/31/38
$555.43
$296.38
10/31/39
687.07
329.28
10/31/40
73.85
The petitioner contends that the respondent erred in the determination of the deficiencies by disallowing as deductions depletion of timber claimed for the respective years of $12,950.72, $14,288.36, and $2,131.48. Findings of Fact The petitioner is a California corporation. It filed its income tax returns for the fiscal years ended October 31, 1938, October 31, 1939, and October 31, 1940, with the collector of internal revenue for the first district of California. In its income tax returns referred to above, each of which showed no taxable net income, the petitioner claimed as a deduction from gross income an allowance for depletion of timber *205 of $19,422.41 for the fiscal year ended October 31, 1938, $21,421.42 for that ended October 31, 1939, and $3,225.02 for that ended October 31, 1940. The allowance for depletion computed upon the timber cut and sold during the respective years was at the following rates: Depletion rate
Description
per M ft. BM
Ponderosa Pine
$3.00
Sugar Pine
3.50
Fir
1.00
Cedar
1.00 The respondent determined that these rates were in excess of the fair market value of standing timber at the basic date, March 1, 1913. He determined the depletion allowances upon the following values: Depletion rate
Description
per M ft. BM
Ponderosa Pine
$1.00
Sugar Pine
1.25
Fir
.25
Cedar
.25
The petitioner was organized in 1905. It issued its entire capital stock, consisting of 1,000 shares for a tract of approximately 2,140 acres of timber land in Siskiyou County, California. Some timber was cut from these lands prior to March 1, 1913. As of March 1, 1913, the petitioner owned approximately 2,020 acres of the original tract which had a light stand of timber upon it. The timber consisted principally of ponderosa pine. The small tract of timber land owned by the petitioner was surrounded *206 almost in its entirety by Klamath Falls Forest Reservation. There was a dirt road into the tract from the town of Yreka, which was several miles distant. No timber was cut from the land from about 1909 to the time lumber operations were begun during the fiscal year ended October 31, 1938. The fair market value of Ponderosa pine and Sugar pine standing timber in northern California on March 1, 1913, was from $.75 to $1.50 per thousand feet board measure. Owing to the small tract of petitioner's timber, the light stand, and the inaccessibility of the tract the fair market value of the standing timber at March 1, 1913, was not in excess of $1 per thousand feet board measure Ponderosa pine, $1.25 Sugar Pine, $.25 Fir, and $.25 Cedar. Opinion The only question for our determination is the fair market value per thousand feet on the petitioner's standing timber as of March 1, 1913. The petitioner contends that the value was much greater than it was during the taxable years when all the merchantable timber was logged off and sold. It contends for a value at the basic rate of $3 per thousand feet board measure for Ponderosa pine, $3.50 for the Sugar pine, $1 for Fir, and $1 for Cedar. It *207 has, however, been able to present no evidence which convinces us that the fair market value of the standing timber was in excess of that allowed by the respondent. Petitioner's only witness was Alfred J. Robertson, who is the son of one of the original stockholders of the corporation. He could not place in evidence the books of account of the taxpayer for the years during which logging operations were carried on by it. These operations all occurred prior to 1913. He introduced in evidence certain records purporting to show the selling price of some manufactured lumber from the property over the cost of manufacture for certain years and claimed upon the basis of such evidence that the fair market value of the standing timber was at least as great an amount as petitioner contends. We are of the opinion, however, that the exhibits introduced have only slight evidentiary value. The respondent introduced in evidence the testimony of a qualified forest engineer who was thoroughly conversant with lumbering conditions in the northern part of California and in Oregon for years prior to 1913 as well as for many years thereafter. He had been on the petitioner's property in 1916 and again in *208 1925. It was his testimony that the fair market value of Ponderosa pine and Sugar pine stumpage in northern California and southern Oregon in 1912 and 1913 ranged from $.75 to $1.50 per thousand feet board measure depending upon the quality of the timber, the thickness of the stand, accessibility, etc. He testified that the petitioner's timber was not of high grade, that there was only a thin stand, and that the tract was in an inaccessible location. From a consideration of all of the evidence the Tax Court concludes that the respondent did not err in his determination of the deficiencies. Decision will be entered for the respondent.